# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONATHAN SCOTT ANDERSON,

    Plaintiff,                                                      Case No. 06-C-782

    v.

WARDEN WILLIAM POLLARD,
PETE ERICKSON (Security Director),
SARAH COOPER,
MARK ZIMONICK,
MARTHA BREEN,
DR. HAMILTON,
GLEN RIPLEY,
JODENE PERTTU,
CYNTHIA THORPE,
LIEUTENANT SWIEKATOWSKI,
LIEUTENANT LESATZ,
SERGEANT KAPHINGST,
SERGEANT HAMMER,
OFFICER BATES,
OFFICER DEBROUX,
OFFICER CAUL,
OFFICER FIGUEROA,
OFFICER LANNOYE,
OFFICER LEHMAN,
OFFICER WALTON,
OFFICER BOUCHONVILLE,
OFFICER GLEASON,
JEANANNE HERTEL,
JEANANNE GREENWOOD,
RN LUTSEY,
RN LEMENS,
RN SEQUIN,
JOHN DOE #1 (DOCTOR),

    Defendants.

**ORDER**

The plaintiff, a state prisoner proceeding *pro se*, lodged a civil rights complaint under 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis*. Pursuant to the Prison

Litigation Reform Act (PLRA), the plaintiff is required to pay the statutory filing fee of $350.00 in full for this action. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). This account statement shows the activity in the plaintiff's prison account for the past six months.

A review of this information reveals that, for the six-month period immediately preceding the filing of the instant complaint, the average monthly deposit to the plaintiff's prison account was $28.01 and the average monthly balance to the account was $15.41. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay an initial partial filing fee of $5.60. The plaintiff shall pay the initial partial filing fee of $5.60 to the clerk of this court within 21 days of the date of this order.

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis*, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that his action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability

to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under section 1915(g).

**Notice to Plaintiff**: If you do not wish to pay the filing fee as set forth in this order or do not wish to proceed with this action to avoid incurring a 'strike' under §1915(g), you must notify the court by writing a letter to the clerk within 21 days of the date of this order, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that within 21 days of the date of this order, the plaintiff shall forward to the clerk of this court the sum of $5.60 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed *in forma pauperis*. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857

Dated at Milwaukee, Wisconsin this 25th day of July, 2006.

                                                BY THE COURT


                                            s/ Rudolph T. Randa
                                            HON. RUDOLPH T. RANDA
                                            Chief Judge