# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONATHAN SCOTT ANDERSON,

        **Plaintiff,**

    -vs-                                  Case No.   06-C-0782

WILLIAM POLLARD, PETE ERICKSON, SARAH COOPER,
MARK ZIMONICK, MARTHA BREEN, DR. HAMILTON,
GLEN RIPLEY, JODENE PERTTU, CYNTHIA THORPE,
LT. SWIEKATOWSKI, LT. LESATZ, SGT. KAPHINGST,
SGT. HAMMER, OFFICER BATES, OFFICER DEBROUX,
OFFICER CAUL, OFFICER FIGUEROA, OFFICER LANNOYE,
OFFICER LEHMAN, OFFICER WALTON,
OFFICER BOUCHONVILLE, OFFICER GLEASON,
OFFICER JEANANNE HERTEL,
OFFICER JEANANNE GREENWOOD,
NURSE LUTSEY, NURSE LEMENS, NURSE SEQUIN,
and DOCTOR JOHN DOE,

        **Defendants.**

## DECISION AND ORDER

Plaintiff Jonathan Scott Anderson lodged this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Currently pending are the plaintiff's motion for leave to proceed *in forma pauperis*, motion to appoint counsel and motion for order. All applications will be addressed herein.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in*

*forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $5.60.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and

3

the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff is currently incarcerated at Waupun Correctional Institution (WCI). (Complaint [Compl.] at 1).[2] However, he was housed at Green Bay Correctional Institution (GBCI) when the alleged wrongdoing occurred. *Id*. at 5. The defendants were employed at GBCI at all times relevant. *Id*. at 2-3.

From March 2, to March 4, 2005, the plaintiff experienced "suicidal intentions" and cut his wrists. *Id*. at 6. When defendants Cooper, Swiekatowski, Hammer, Kaphingst, Breen, Zimonick, LeSatz, Bates, DeBroux, Caul and Figueroa "noticed and questioned [the] plaintiff of his actions, " he said that "he was going to kill himself." *Id*. In response, the defendants "sinisterly laughed" and walked away. *Id*. In addition, they did not "retrieve [the] plaintiff mental health" or place him in observation status. *Id*.

On April 4, 2005, defendant Lannoye discovered that the plaintiff had in his possession "a mass quantity of Lithium." *Id*. Lannoye then moved the plaintiff's blankets and personal belongings to another cell. *Id*. Lannoye did not retrieve mental health staff to treat the plaintiff nor did he question the plaintiff's motives. *Id*. Instead, Lannoye issued the

---

[2]The complaint, which starts on page three, is twelve pages long. In the interest of simplicity, the court will refer to the complaint as it is numbered in the Electronic Case Filing (ECF) system, with the first page of the complaint being page number 1 and the last page of the complaint being page number 12.

4

plaintiff a conduct report. *Id*. Then, defendant Lutsey, who confirmed that the plaintiff was to receive Lithium as a medication, allowed the plaintiff to continue receiving such medication even after it was clear that the plaintiff was collecting pills. *Id*. Moreover, defendants Swiekatowski and Erickson administered "tether to door for medication for 30 days due to" the conduct report. *Id*.

On April 10 and April 11, 2005, the plaintiff again cut his forearm. *Id*. He wrote "numerous requests to Dr. Breen and Dr. Hamilton explaining [his] suicidal tendencies," but they were ignored for weeks on end. *Id*. Plaintiff avers that he has "still yet to receive mental health" care. *Id*. at 7.

On April 14, 2005, the plaintiff "once again managed to save 34 pills of Lithium while being on tether to door for medication." *Id*. Staff "had plenty of opportunities to intervene but failed to do so." *Id*. After consuming the 34 pills of Lithium, the plaintiff was rushed to the hospital to undergo charcoal ingestion and dialysis to clean out his blood stream. *Id*.

From April 15, to April 18, 2005, the plaintiff was placed in observation status. *Id*. He "clearly verbalized to Dr. Martha Breen" that he was "depressed for a few weeks" and "upset at staff for ignoring + laughing at me." *Id*. Dr. Breen did nothing to prevent these "egocentricly (sic) heinous acts by staff." *Id*.

On April 21, 2005, the plaintiff was passed up during medication distribution. *Id*. Therefore, he pushed the medical emergency button three times "to request his stomach medication he was taking due to his pill overdose." *Id*. However, his medication was not

5

delivered until three hours later and defendant Bates turned off the plaintiff's medical emergency button for the remainder of the second shift. *Id*. at 7-8.

On April 18, 2005, defendant Swiekatowski ordered that the plaintiff's cell be searched twice per week as a result of the plaintiff's pill overdose. *Id*. at 7. However, on May 8, 2005, the plaintiff filed an administrative grievance complaining that staff were failing to conduct the twice weekly cell searches. *Id*. at 8. Then, defendant John Doe, Sequin, Thorpe and Hertel "halted" the plaintiff's stomach medication which left the plaintiff in agony. *Id*.

On June 19, and July 29, 2005, the plaintiff was not given enough medication to last through the weekend due to defendant Lutsey's deliberate indifference. *Id*. On various dates between July 21 and September 2, 2005, the plaintiff vomited blood due to severe stomach pain. *Id*. at 8 -9. He reported the problem to defendants Walton, Lehman, Bouchonville and Gleason, yet medical care was withheld and delayed. *Id*.

The plaintiff avers that the defendants violated his rights under the Fourth, Eighth, Tenth and Fourteenth Amendments. *Id*. at 5. For relief, he requests $250,000.00 in compensatory damages and $850,000.00 in punitive damages against each defendant. *Id*. at 11. The plaintiff is suing all defendants in their individual and official capacities. *Id*. at 12.

**1.      Eighth Amendment Claim**

The plaintiff asserts that the defendants delayed and denied him medical care. To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate

6

indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). Serious medical needs are not restricted to physical conditions; the need for a mental illness to be treated may be considered a serious medical need if it could result in significant injury, such as death by suicide, or the unnecessary and wanton infliction of pain. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference

7

requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Farmer*, 511 U.S. at 840-42). Based on the foregoing, the plaintiff may proceed on a claim predicated on the Eighth Amendment.

**2.     Fourth Amendment Claim**

The plaintiff contends that the defendants violated his rights under the Fourth Amendment, which "protects the 'right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" *United States v. Patterson*, 65 F.3d 68, 70 (7th Cir. 1995). In this case, the plaintiff does not contend that his cell was illegally searched.[3] Rather, he claims that it was not searched frequently enough (on a twice weekly basis). Based on the foregoing, the plaintiff has failed to state a claim under the Fourth Amendment.

**3.     Tenth Amendment Claim**

The plaintiff submits that the defendants violated his rights under the Tenth Amendment, which provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. The complaint is devoid of any allegation that the defendants violated this constitutional provision. Thus, the plaintiff may not proceed on a claim predicated on the Tenth Amendment.

---

[3] In the event the plaintiff did seek to assert a claim that his cell was illegally searched, a convicted prisoner has no reasonable expectation of privacy in his cell entitling him to Fourth Amendment protection against unreasonable searches. *Hudson v. Palmer*, 468 U.S. 517, 526-30 (1984).

8

**4.      Fourteenth Amendment Claim**

The plaintiff avers that the defendants violated his rights under the Fourteenth Amendment, although it is unclear which portion of this amendment the defendants allegedly violated.[4]  Assuming that the plaintiff seeks to proceed on a claim based on denial of procedural due process, his claim must be denied because he has not given any indication that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself.  *See Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Therefore the plaintiff has failed to state a claim under the Fourteenth Amendment.

**5.      Personal Involvement**

The plaintiff has identified Nurse Lemens as a defendant in this action. However, the complaint fails to state facts indicating Lemens' direct, personal involvement as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).  Nor has the plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at Lemens' direction or with her knowledge and consent.  *Id.*  "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).  Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).  Section 1983 does not create collective or

---

[4] Notably, courts should analyze a prisoner's allegations under the most "explicit source[s] of constitutional protection," *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Conyers v. Abitz,* 416 F.3d 580 (7th Cir. 2005), and in this case the salient claim is denial of medical care.

9

vicarious responsibility. *Id*. Accordingly, defendant Lemens will be dismissed from this action.[5]

**6.      Motion to Appoint Counsel**

On July 21, 2006, the plaintiff filed motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id*. (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In the present case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. Moreover, while the plaintiff states that he is "slow" due to his medications and that he has been assisted by a jailhouse lawyer who will soon be transferred, it does not appear that the plaintiff currently requires additional legal assistance.

---

[5] The court is aware that the plaintiff has indicated that defendants Pollard, Perttu and Ripley are responsible because they reviewed the plaintiff's administrative grievances. As noted, § 1983 does not recognize claims based on supervisory liability. *Pacelli*, 972 F.2d at 877. However, it is unclear at this stage of the proceedings whether the plaintiff's claim against these defendants is based entirely on a theory of supervisory liability. Because courts have been instructed to construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in his favor, *Jenkins*, 395 U.S. at 421, the plaintiff may proceed on his claims against Pollard, Perttu and Ripley.

10

Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for appointment of counsel is denied without prejudice.

**7.        Motion for Order**

On July 21, 2006, the plaintiff filed a "Motion for Courts to Supply Defendants with Summons and Complaint." An inmate proceeding *in forma pauperis* (as the plaintiff is) may rely on the Marshals Service to serve process. *Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1995). The inmate need furnish no more than the information necessary to identify the defendant. *Id*. Thus, the plaintiff's motion for order will be granted.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* (Doc. # 2) is **granted**.

**IT IS ALSO ORDERED** that the plaintiff's motion to appoint counsel (Doc. # 3) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Doc. # 4) is **granted**.

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the complaint.

11

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $344.40 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 7th day of November, 2006.

SO ORDERED,

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**